IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 30, 2007

Charles R. Fulbruge III
Clerk

No. 07-20554
Summary Calendar

THOMAS CHARLES BORUCH

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-1879

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Thomas Charles Boruch, Texas prisoner # 1333487, seeks a certificate of appealability (COA) to appeal the dismissal of his 28 U.S.C. § 2254 petition without prejudice for failure to exhaust remedies, pursuant to § 2254(b) and (c). To obtain a COA, Boruch must make "a substantial showing of the denial of a constitutional right," which in turn requires him to show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Boruch contends that reasonable jurists would find the dismissal of his habeas petition for failure to exhaust to be error because it was based on the incorrect factual finding that he did not first pursue a state habeas application. He argues that he demonstrated through his postjudgment motion that he filed a state habeas application which was denied by the Texas Court of Criminal Appeals without written reasons on April 18, 2007. Additionally, he asserts that he is entitled to a COA because his § 2254 petition states a valid claim for ineffective assistance.

Boruch is correct that the record establishes that he had previously filed an unsuccessful state habeas application and that he exhausted his administrative remedies prior to filing the instant § 2254 petition. He is also correct that his petition raises facially valid ineffective-assistance claims. Boruch has thus made the required showing, and his motion for a COA is granted. See Slack, 529 U.S. at 484. The district court's judgment is vacated, and the case is remanded for further proceedings. It is noted that the petition appears on its face to be time-barred under 28 U.S.C. § 2244(d). However, Boruch should be given the opportunity to raise tolling arguments before the district court.

COA GRANTED; VACATED AND REMANDED.